UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LYNN BRANDHORST,** Derivatively on Behalf of Nominal Defendant **MALLINCKRODT PLC,** | * * | Case No.: 1:19-cv-02778 |
| *Plaintiff* | * | |
| v. | * | |
| **MARK TRUDEAU,** *et al.,* | * | |
| *Defendants.* | * | |

## JOINT MOTION AND STIPULATION TO STAY ACTION

Plaintiff Lynn Brandhorst ("Plaintiff") and Defendants Mark Trudeau, Matthew K. Harbaugh, Hugh O'Neill, Angus Russell, David Carlucci, J. Martin Carroll, David Norton, JoAnn Reed and Kneeland Youngblood ("Defendants"), and Nominal Defendant Mallinckrodt plc ("Mallinckrodt") (collectively, the "Parties"), by and through their undersigned counsel, hereby submit this Joint Motion and Stipulation to stay this action and adjourn all deadlines for the time to move to dismiss or otherwise respond to the Complaint, as the Court has previously done with respect to the related ESPP Litigation noted below.

In support thereof, the Parties state as follows:

1. On September 17, 2019, Plaintiff filed a Complaint (Doc. No. 1) in the above-captioned action alleging claims in the right, and for the benefit, of Mallinckrodt against Defendants seeking damages for Defendants' alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, breach of fiduciary duties, unjust enrichment, abuse of control and gross mismanagement (the "Derivative Litigation").

1

2. Also pending in this Court are two prior-filed related cases: (a) a related putative securities class action captioned *Shenk* v. *Mallinckrodt plc, et al.*, Civil Action No. 1:17-cv-00145 (DLF) (the "Securities Litigation") asserting claims against Mallinckrodt and certain Mallinckrodt executives (the "Securities Litigation Defendants"), under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and (b) a second related action captioned *Solomon* v. *Mallinckrodt plc, et al.*, Civil Action No. 1:17-cv-01827 (DLF) (the "ESPP Litigation") alleging claims in the right, and for the benefit, of Mallinckrodt's Employee Stock Purchase Plans against Defendants seeking to remedy Defendants' alleged violations of Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k, breach of fiduciary duties, misrepresentation and non-disclosure, and breach of contract. The Securities Litigation and the ESPP Litigation are both pending before Judge Friedrich.

3. The Securities Litigation and the ESPP Litigation both allege many of the same alleged misrepresentations and omissions alleged in the Derivative Litigation.

4. On July 30, 2019, the Court issued a Memorandum Opinion in the Securities Litigation, granting in part and denying in part the Securities Litigation Defendants' motions to dismiss. Doc. No. 75. On August 15, 2019, the Court adopted a joint proposed scheduling order submitted by the parties in the Securities Litigation to govern further proceedings in that action.

5. In light of the significant overlap between the parties, alleged facts, and circumstances at issue in the ESPP Litigation and the Securities Litigation, on July 6, 2018, this Court stayed the ESPP Litigation until either (1) the Securities Litigation is dismissed, with prejudice, by this Court, and all appeals related thereto have been exhausted; or (2) the motions to dismiss the Securities Litigation are denied in whole or in part; or (3) any of the Parties to this Stipulation gives a ten (10) day notice that they no longer consent to the voluntary stay of the ESPP Litigation. Doc.

No. 39. The Court further ordered the Parties to meet and confer within twenty-one (21) days of the occurrence of any of the foregoing events and propose to the Court a schedule for any further proceedings, including deadlines for the filing of any motions to dismiss or other responses to the Amended Complaint or a further deferment of or motion to stay proceedings.

6. On August 20, 2019, the parties in the ESPP Litigation filed a joint motion and stipulation to continue the stay of the ESPP Litigation pending a final non-appealable judgment in the Securities Litigation. Doc. No. 44. On August 20, 2019, the Court granted the parties' motion by Minute Order.

7. Counsel for the parties in the Derivative Litigation have met and conferred, and agree that a voluntary stay of the Derivative Litigation pending a final non-appealable judgment in the Securities Litigation, on the same terms as the stay in the ESPP Litigation, is desirable to promote economy of time and effort for the Court, for counsel, and for the litigants. Given the substantial overlap in the allegations and defendants in all three actions, the outcome of the Securities Litigation could dispose of, narrow the scope of disputed allegations, or otherwise inform the Parties' litigation of the claims in the Derivative Litigation. This could, in turn, result in efficiencies by reducing duplication of effort, time and costs that the Parties would otherwise incur in connection with briefing and oral argument for the motions to dismiss in the Derivative Litigation, as well as conserving judicial resources.

8. Accordingly, the Parties, through counsel, hereby stipulate and respectfully jointly move this Court to Order that:

    a. This Derivative Litigation shall be stayed and all deadlines for the time to move to dismiss or otherwise respond to the Complaint shall be adjourned;

b.  Once either: (1) final judgment has been entered in the Securities Litigation and all appeals related thereto have been exhausted; (2) the Securities Litigation is dismissed, with prejudice, by this Court, and all appeals related thereto have been exhausted; or (3) any of the Parties to this Stipulation gives a ten (10) day notice that they no longer consent to the voluntary stay of the Derivative Litigation, then the Parties shall within twenty-one (21) days meet and confer and propose to the Court a schedule for any further proceedings, including deadlines for the filing of any motions to dismiss or other responses to the Complaint or a further deferment of or motion to stay proceedings.

c.  To the extent that a final judgment is entered in the Securities Litigation and all appeals related thereto have been exhausted, the Parties agree to be bound by all factual and legal determinations made in the Securities Litigation relevant to any claims that have or may be asserted by the Plaintiff in the Derivative Litigation.

d.  The Parties agree that during the pendency of this stay, Defendants shall not object to including Plaintiff in any mediation or other alternative dispute resolution ("ADR") proceedings with the plaintiffs in the Securities Litigation, should they occur.  Defendants shall notify Plaintiff of any ADR proceedings in the Securities Litigation within one week of scheduling the same, and shall notify any ADR provider of the Derivative Litigation, absent objection from lead plaintiff in the Securities Litigation.

e.  Except as set forth in Paragraph 7.c of this Stipulation, nothing in this Joint Motion and Stipulation shall be deemed to waive any rights, arguments,

defenses, or positions with respect to any further proceedings in this action and the Parties reserve all such rights, arguments, defenses, and positions.

    f. The Parties shall promptly notify the Court of any additional shareholder derivative actions on behalf of Mallinckrodt filed in or transferred to this Court that involve questions of law or fact similar to those contained in the Derivative Litigation.

    g. Notwithstanding anything herein to the contrary, the stay of the Derivative Litigation shall not preclude Plaintiff from moving this court: (i) to consolidate any action filed in or transferred to this Court that involve questions of law or fact similar to those contained in the Derivative Litigation; and/or (ii) to have Plaintiff's Counsel appointed as lead counsel in the Derivative Litigation.

Pursuant to LCvR 7(m), all parties consent to the relief sought herein.  No Party will be prejudiced by an Order granting this Motion, as evidenced by all Parties' consent.

Dated: November 20, 2019                Respectfully submitted,

**GOLDMAN & MINTON, P.C.**
By: /s/ *Thomas J. Minton*
Thomas J. Minton (No. 367124)
3600 Clipper Mill Rd., Suite 201
Baltimore, Maryland 21211
Telephone: (410) 783-7575
Facsimile: (410) 783-1711
Email: tminton@charmcitylegal.com

**LIFSHITZ & MILLER LLP**
Joshua M. Lifshitz
821 Franklin Ave, Suite 209
Garden City, New York 11530
Telephone: (516) 493-9780
Facsimile: (516) 280-7376
Email: jml@jlclasslaw.com
***Attorneys for Plaintiff Lynn Brandhorst***

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/ *Matthew M. Wolf*
Matthew M. Wolf
Arthur Luk
601 Massachusetts Ave, NW
Washington, D.C.  20001=3743
Phone:  (202) 942-5000
Fax:  (202) 942-5999
Email:  matthew.wolf@arnoldporter.com
Email:  arthur.luk@arnoldporter.com

*Attorneys for Defendants Mark C. Trudeau, Matthew K. Harbaugh, Hugh O'Neill, Angus Russell, David Carlucci, J. Martin Carroll, David Norton, JoAnn Reed and Kneeland Youngblood*
**VENABLE LLP**

By: /s/ *Moxila A. Upadhyaya*
Moxila A. Upadhyaya (DC Bar #494373)
600 Massachusetts Ave., NW
Washington, DC  20001
Phone: (202) 344-4690
Fax: (202) 344-8300
MAUpadhyaya@venable.com

**WACHTELL, LIPTON, ROSEN & KATZ**
Rachelle Silverberg
Corey J. Banks
51 West 52nd Street
New York, NY 10019
Phone: (212) 403-1000
Fax: (212) 403-2000
RSilverberg@wlrk.com
CJBanks@wlrk.com

*Attorneys for Nominal Defendant Mallinckrodt plc*